q,2

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

IBERIABANK, Assignee to Federal Deposit
Insurance Corporation, Receiver for Orion
Bank, As Assignor,

CASE NO.: 312011 CA 001109 0000CX
Judge Cynthia Cox

Plaintiff,

v.

FILE IN OPEN COURT
Date 1-4-2012
By CP

VERO LODGING, LLC, a Florida limited
liability company; et al.

Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE
(Form Approved by 19th Circuit Administrative Order 2011-01)

*Note: This final judgment format may only be modified by adding language in sequentially numbered paragraphs beginning with paragraph 11. Attorneys may be sanctioned for submitting a final judgment which improperly varies the approved format.*

This action was heard before the court on the plaintiff's Motion for Summary Final Judgment on January 4, 2012. On the evidence presented:

IT IS ADJUDGED that:

**1. Motion Granted.** There is no dispute of material facts and plaintiff's motion for summary judgment is granted.

**2. Amounts Due.** Plaintiff, IBERIABANK, c/o Matthew G. Morris, Vice President, is due:

| | |
|---|---:|
| Principal | $ 6,757,570.45 |
| Interest on the note and mortgage through November 22, 2011 | 583,402.99 |
| Per diem interest: $750.84116 | |
| Title search expense | N/A |
| Taxes (2008-2010) | 403,264.07 |
| Insurance premiums | N/A |
| Attorneys' fees | N/A |
|    Finding as to reasonable number of hours: | |
|    Finding as to reasonable hourly rate: | |
| Other*: | N/A |

EXHIBIT 3 COMPILATION


EXHIBIT C

(*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

|  |  |
|---|---|
| Attorneys' fees total | N/A |
| Court costs |  |
| Filing fee | N/A |
| Service of Process | N/A |
| Publication | N/A |
| Additional Costs |  |
| Late Fees | 7,059.65 |
| Appraisal Fees | 15,174.00 |
| **Subtotal** | **$7,766,471.16** |
| LESS: Escrow balance | N/A |
| LESS: Unearned insurance premiums | N/A |
| LESS: Other | N/A |
| **TOTAL** | **$7,766,471.16** |

3. **Interest.** The total amount in paragraph 2 shall bear interest from this date forward at the prevailing rate.

4. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in Indian River County, Florida:

SEE ATTACHED EXHIBITS "A" AND "B"

Property address: 3500 Ocean Drive, Vero Beach, FL

5. **Sale of Property.** If the total sum with interest at the rate described in paragraph 2 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on Feb. 9, 2012, to the highest bidder for cash, except as prescribed in paragraph 6:

\_\_\_\_\_ at [room and street address of courthouse] beginning at _____ \_\_m.

\_\_X\_\_ by electronic sale at www.indian-river.realforeclose.com beginning at 10:00 a.m. in accordance with section 45.031, Florida Statutes. **The public sale shall not be postponed or canceled without a court order, and shall proceed regardless of whether plaintiff, a plaintiff's representative, or plaintiff's counsel is present. All orders postponing or canceling the sale must be filed with the clerk of court no later than 5:00 p.m. two business days before the sale date. Counsel for plaintiff must be certain that the clerk has the original proof of publication of the**

notice of sale on file no less than three business days before the sale date. Failure to file the original proof of publication of the notice of sale will not stop the sale, however the certificate of sale will not issue until the original proof of publication of notice of sale is filed. The failure of plaintiff's counsel to properly and timely publish the notice of sale may result in sanctions against the plaintiff, plaintiff's counsel individually, and the law firm representing the plaintiff. If the original proof of publication of the notice of sale is not filed with the clerk within ten calendar days after the sale, an order will be entered directing the plaintiff to show cause why the sale should not be vacated and the case dismissed with or without prejudice. The fact that an attorney has a high volume practice will not be a showing of good cause.

Any electronic sale by the clerk shall be in accordance with the written administrative policy for electronic sales published by the clerk at the official website for the clerk and posted in the public areas of the clerk's offices.

6. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The clerk shall receive the service charge imposed in Section 45.031, Florida Statutes.

7. **Distribution of Proceeds.** On filing the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

8. **Right of Redemption.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.

9. **Right of Possession.** Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009".

10. **Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

**[Any language which needs to be added to the final judgment shall be inserted at this point using paragraphs numbered sequentially beginning with paragraph 11]**

11. **Last Known Address of Defendant.** The last known address of Vero Lodging, LLC is 2655 North Ocean Drive, #11, Singer Island, FL 33404.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, (INSERT INFORMATION FOR APPLICABLE COURT) WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

ORDERED on this ____ day of January, 2012.

_____
Cynthia Cox, Circuit Judge

4

EXHIBIT 3 COMPILATION

Copies Furnished by U.S. Mail to:

Traci H. Rollins, Esq.
Stephanie Griffin, Esq.
SQUIRE, SANDERS & DEMPSEY (US) LLP
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL  33401

Michael J. Garavaglia, Esq.
Collins, Brown, Caldwell, Barkett & Garavaglia
756 Beachland Boulevard
Vero Beach, FL  32963

John M. Stewart, Esq.
Stewart, Evans, Stewart & Emmons, P.A.
3355 Ocean Drive
Vero Beach, FL  32963

## EXHIBIT A
## REAL PROPERTY

Condominium Unit Nos. 226, 228, 230, 231, 326, 328, 329, 330, 331, 425, 426, 428, 429, and 430 of Vero Beach Hotel and Club, a Condominium, according to the Declaration of Condominium thereof as recorded in Official Records Book 2124, Page 435, amendment recorded in Official Records Book 2283, Page 2202, and all amendments thereto, all in the Public Records of Indian River County, Florida.

TOGETHER with all of their appurtenances, according to said Declaration of Condominium.

EXHIBIT 3 COMPILATION

## **EXHIBIT B**
## PERSONAL PROPERTY

All of Mortgagor's buildings and improvements of every kind and description now or hereafter located upon the real property or any part thereof located in Indian River County, Florida described as follows (the "Property"): See Exhibit "A" attached hereto and by reference made a part hereof,

All and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion or reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, title, interest, property, claim and demand whatsoever of Mortgagor, of, in and to the same and of, in and every part and parcel thereof.

All right, title and interest of Mortgagor, if any, in and to the land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Property to the center line thereof.

All easements, rights-of-way, gores of land, ways, alleys, passages, sewer right, waters, water courses, water rights and powers, riparian and littoral rights, docks and dockage rights, and all estate, rights, titles, interests, privileges and liberties of any nature whatsoever, in any way belonging, relating or pertaining to the Property.

All of Mortgagor's furniture, furnishings, fixtures, equipment, inventory, goods and articles of personal property now or at any time hereafter attached to or used in any way in connection with the use, operation and occupation of the buildings erected on the Property or any part thereof including but without being limited to all heating, lighting and plumbing fixtures and used at any time in the operation, use and occupation of any of the buildings on the Property and dynamos, motors, furnaces, fire prevention and extinguishing apparatus, cooling systems, plants, apparatus, tools, machinery, fittings, dispensers, facade, signs, pumps, canopy, computers, furnishings and fixtures of every kind whatsoever at any time used in or about or upon the Property, except personal property, if any, belonging to others than the Mortgagor, located on the Property, it being understood and agreed, however, that any renewal, replacement or substitution of any and all such equipment shall be purchased by Mortgagor and when paid for be owned by it, and all of the right, title and interest of Mortgagor in and to the equipment which may be subject to any title retention or security agreement superior in lien to the lien of the mortgage.

Any and all award or payments, including interest thereon, and the right to receive the same, which may be made with respect to the Property as a result of (a) the exercise of the right of eminent domain, (b) the alteration of the grade of any street, or (c) any other injury to or decrease in the value of the Property, to the extent of all amounts which may be secured by the Mortgage at the date of receipt of any such award or payment by Secured Party, and of the reasonable attorneys' fees, costs and disbursements, incurred by Secured Party in connection with the collection of such award of payment.

All of Mortgagor's building materials that may be placed on the Property during the existence of this lien and all bonuses and royalties on the Property and further, all rents, royalties, profits, revenues, incomes and other benefits arising from the use or enjoyment of the Property or from any contract pertaining to such use or enjoyment.

EXHIBIT 3 COMPILATION

## EXHIBIT B (continued)

All leases and contracts for sale now and hereafter entered into involving the Property or any part thereof, and all right, title and interest of Mortgagor thereunder, including, without limitation, cash or securities deposited thereunder to secure performance by the leases or contract vendees of their obligations.

All of Mortgagor's right, title and interest in all leases including, but not limited to all leases of equipment permitted hereunder if any, and in said leased equipment.

All right, title and interest of Mortgagor to plans and specifications, designs, drawings and other matters prepared for any construction on the Property.

All good will, trademarks, trade names, option rights, purchase contract, books and records and general intangibles of Mortgagor relating to the Property, all licenses or permits in connection with the construction on or operation of the Property, all accounts, instruments, chattel paper and other rights of Mortgagor for payment of money for property sold or loaned, for services rendered, for money loaned, or for advances or deposits made and any other intangible property of Mortgagor related to the Property.

All rights of Mortgagor under all contracts now or hereafter made with any provider of goods or services for or in connection with any construction undertaken on, or services performed or to be performed in connection with the Property, including the architect's agreement and the construction contract which have been or will be entered into by Mortgagor for the design and construction of the Property.

All rights of Mortgagor under any agreement, contract, understanding or arrangement in connection with the Property.

All insurance policies now or hereafter in effect with respect to the Property, or any portion thereof, any unearned premiums thereon, and all proceeds thereof.

All other property or rights of Mortgagor of any kind or character related to the Property and/or the Business and all proceeds and products of any of the foregoing, all of the foregoing including such property whether now or hereafter existing or acquired.

Any reference herein to the "Property" shall be deemed to apply to the land described above and said improvements, buildings, fixtures, equipment, and materials owned by Mortgagor, and the rents, profits and leases thereof, and said tenements, hereditaments, easements and appurtenances, and all of the other above-mentioned rights or property interest.

All accounts, accounts receivables, notes and contract rights of Mortgagor, whether now existing or hereafter acquired, all chattel paper and instruments, whether now existing or hereafter acquired, evidencing any obligation to Mortgagor for payment of goods sold or leased or services rendered; all interest of the Mortgagor in any goods, the sale or lease of which shall have given or shall give rise to any of the foregoing; all as more particularly described in Article 673, Florida Statutes and at common law; and the proceeds of any of the foregoing.

Any reference herein to the "Mortgage" shall mean that certain Mortgage And Security Agreement dated May 31, 2006, made by the Mortgagor to the Secured Party.

9/9

IN THE CIRCUIT COURT FOR INDIAN RIVER
COUNTY, FLORIDA, NINETEENTH JUDICAL
CIRCUIT.

CASE NO:   312011CA001109

IBERIA BANK, ASSIGNEE TO FEDERAL
DEPOSIT INSURANCE CORPORATION,
RECEIVER FOR ORION BANK, AS
ASSIGNOR,
    Plaintiff,

Vs

VERO LODGING, LLC, a Florida limited
liability company; ET AL,
    Defendant.

## CERTIFICATE OF SALE

The undersigned Clerk of the Court certifies that notice of public sale of the property described in the Order or Final Judgment was published in the Indian River Press Journal, a newspaper circulated in Indian River County, Florida, in the manner shown by the Proof of Publication attached, and on February 9, 2012, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $60,100.00 was submitted by IBERIABANK, ASSIGNEE TO FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER FOR ORION BANK, AS ASSIGNOR to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the Order or Final Judgment or law.

WITNESS my hand and the sale of this Court on February 9, 2012.

JEFFREY K. BARTON
CLERK OF COURT

(court seal)

By _Cynthia Any_
Deputy Clerk

STATE OF FLORIDA
INDIAN RIVER COUNTY
THIS IS TO CERTIFY THAT
THIS IS A TRUE AND CORRECT
COPY OF THE ORIGINAL.
J.K. BARTON, CLERK
BY _Cynthia_
Deputy Clerk
DATE 2/9/12

EXHIBIT
D

EXHIBIT 3 COMPILATION

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

IBERIABANK, Assignee to Federal
Deposit Insurance Corporation,
Receiver for Orion Bank, as Assignor,

        Plaintiff,

v.

VERO LODGING, LLC, a Florida
limited liability company, et al.

        Defendants.
_____/

Case No. 312011CA001109XXXXX



## FINAL DEFICIENCY JUDGMENT

THIS CAUSE having come before the Court on October 9, 2013 on Plaintiff's Amended Motion for Deficiency Judgment, and the Court, having reviewed the file, receiving evidence, hearing testimony from expert witnesses, hearing argument of counsel and being otherwise fully advised in the premises, finds as follows:

A. This foreclosure action involves fourteen (14) condominium hotel units in the Vero Beach Condo Hotel & Spa located at 3500 Ocean Drive, Vero Beach, Indian River County, Florida. The specific units in question are units 226, 228, 230, 231, 326, 328, 329, 330, 331, 425, 426, 428, 429, and 430 (collectively the "Subject Property"). There are seventy-nine total residential units in the Vero Beach Condo Hotel & Spa, plus four spa units.

B. On January 4, 2012, the Court entered a Final Judgment of Foreclosure against Defendants in the amount of **$7,766,471.16**, plus interest at the statutory rate thereafter, exclusive of attorneys' fees and costs. The Final Judgment of Foreclosure was admitted as Plaintiff's Exhibit 1.

C. The Court heard testimony from real estate appraiser experts, who all determined that the fair market value of the property on the date of sale (February 9, 2012) was less than the amount of the Final Judgment. Fair market value "is defined as the amount that would be paid for the property to a willing seller, not compelled to sell, by a willing buyer, not compelled to buy, considering all reasonable uses to which the property is adapted." *Savers Fed. Sav. & Loan Ass'n v. Sandcastle Beach Joint Venture*, 498 So. 2d 519 (Fla. 1st DCA 1986) (citing *State Road Dept. v. Stack*, 231 So. 2d 859 (Fla. 1st DCA 1969)).

D. Real Estate appraiser Scott Powell determined a fair market value to be $2,440,000; Walter Kokonski determined the *retail* liquidation value to be $5,030,000 and Stephen Boyle determined the fair market value to be $6,500,000. The experts differed on the retail market value, the discount rate and the absorption rate. Relying upon short sales and bank sales does not allow comparison to that of a typically

EXHIBIT 3 COMPILATION

motivated willing seller nor do they allow consideration for a reasonable time for exposure in the open market. At the hearing, Mr. Powell acknowledged that his absorption assumptions had already been eclipsed by the liquidation sales of subject units that had been closed by Plaintiff. Specifically, as of the date of the hearing, Plaintiff had already sold seven (7) of the fourteen (14) subject units for a total recovery of $2,271,000.00 – nearly the full value of Mr. Powell's appraisal. While the Court is not bound by expert opinion and may in its discretion apply its knowledge, experience, and the other evidence at trial when weighing the evidence of fair market value, the Court finds Mr. Boyle's opinion to be credible and reliable. *Behm v. Div. of Admin., State of Fla. Dept. of Transp.*, 292 So. 2d 437, 441 (Fla. 4th DCA 1974); *Thunderbird v. Great Am. Ins. Co.*, 566 So. 2d 1296, 1304-05 (Fla. 1st DCA 1990). ==Based upon all of the evidence presented, the Court finds that the fair market value of the subject property as of the foreclosure sale date, February 9, 2012, to be $6,500,000.==

**IT THUS ORDERED and ADJUDGED** as follows:

1. Plaintiff is entitled to the entry of a deficiency judgment, and this Deficiency Judgment for damages is hereby entered in favor of Plaintiff, IBERIABANK, Assignee to Federal Deposit Insurance Corporation, Receiver for Orion Bank, as Assignor, ("IBERIABANK"), and against Defendants Vero Lodging, LLC, Vero Hotel Management, LLC, George Heaton, Lee Heaton, and Vero 3000, LLC.

2. The Court finds that the value of the subject real property as of the date of the February 9, 2012 foreclosure sale was $6,500,000 for the reasons stated in the record. As a result, the Deficiency amount is calculated as follows:

Amounts Due as of Date of Foreclosure Sale (February 9, 2012):

| | |
|---|---|
| Amount of January 14, 2012 Final Judgment | $ 7,766,471.16 |
| Interest from Foreclosure Judgment through February 9, 2012 at 4.75% per annum ($1,010.7051 *per diem* for 26 days) | $ 26,278.33 |
| Judgment amount as of February 9, 2012 foreclosure sale | $ 7,792,749.49 |
| Less fair market value of property (as appraised) | ($6,500,000.00) |
| Plus outstanding 2011 real estate taxes | $74,840.06 |
| **Total Deficiency Amount as of February 9, 2012 foreclosure sale** | **$1,367,589.55** |

Additional Amounts Due (Post-Foreclosure Sale):

| | |
|---|---|
| Interest from February 10, 2012 until October 9, 2013 at 4.75% per annum ($177.97 *per diem* for 607 days) | $ 108,030.21 |
| **Attorneys' Fees & Costs** | **Reserved** |
| **Total Deficiency Amount as of October 9, 2013** | **$1,475,619.76** |

2

EXHIBIT 3 COMPILATION

3. Accordingly Plaintiff, IBERIABANK, located at 1315 W. Indiantown Road, Jupiter, Florida 33458, shall recover from Defendants, Vero Lodging, LLC, Vero Hotel Management, LLC, George Heaton, Lee Heaton, and Vero 3000, LLC, jointly and severally, whose last known addresses are set forth below, **$1,475,619.76,** plus interest from October 9, 2013 at the statutory rate of 4.75% per annum, and adjust on January 1st of each succeeding year until the judgment is paid, pursuant to section 55.03, Florida Statutes, *for which let execution issue*.

| **Defendant's Name** | **Last Known Address** |
|---|---|
| Vero Lodging, LLC | 277 Royal Poinciana Way 156<br>Palm Beach, Florida 33480 |
| Vero Hotel Management, LLC | 277 Royal Poinciana Way 156<br>Palm Beach, Florida 33480 |
| George Heaton | 277 Royal Poinciana Way 156<br>Palm Beach, Florida 33480 |
| Lee Heaton | 277 Royal Poinciana Way 156<br>Palm Beach, Florida 33480 |
| Vero 3000, LLC | 277 Royal Poinciana Way 156<br>Palm Beach, Florida 33480<br>and<br>2655 N. Ocean Drive #100<br>Singer Island, Florida 33404 |

4. Defendants shall each complete, under oath, a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Fifth Third's counsel, David J. Smith, Esquire and Morgan L. Swing, Esquire, Carlton Fields, P.A., Miami Tower, 100 S.E. Second Street, Miami, Suite 4200, Florida 33131, within 45 days from the date of this Deficiency Judgment.

5. The Court reserves jurisdiction of this action to enter such orders as are just and proper, including judgment taxing costs and attorneys' fees incurred in this matter. Furthermore, Plaintiff may assign this judgment to a third party without further order of this Court.

DONE AND ORDERED in Chambers in Indian River County, Florida this 29th day of December, 2013, *nunc pro tunc October 9, 2013.*

CYNTHIA L. COX, Circuit Judge

Copies To:
David J. Smith, Esq.Email: dsmith@carltonfields.com; mswing@carltonfields.com
John M. Stewart, Esq.Email: jms@st-ev.com; service@st-ev.com
Michael J. Garvaglia, Esq.Email: mpatrick@verolaw.com; mjgpleadings@verolaw.com
John P. Leonard, Esq.Email: jleonard@mdmc-law.com